IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RENO REFRACTORIES, INC., an Alabama Corporation, <br><br> Plaintiff, <br><br> v. <br><br> REFRATECHNIK HOLDING GMBH, a German corporation, <br><br> Defendant. | Civil Action No. _____ <br><br> **TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Reno Refractories, Inc., by its undersigned counsel, hereby brings this Complaint against Defendant Refratechnik Holding GmbH and alleges as follows:

## THE PARTIES

1. Plaintiff Reno Refractories, Inc. ("Plaintiff" or "Reno") is an Alabama corporation having its principal place of business at 601 Reno Drive, Morris, Alabama 35116.

2. Defendant Refratechnik Holding GmbH ("Defendant" or "Refratechnik") is a German Corporation having a place of business at Adalperostrasse 82, 85737 Ismaning, Germany.

1

3. This is an action for common law trademark infringement, false designation of origin and unfair competition arising under the Trademark Act of 1946, as amended, including 15 U.S.C. §1125(a), and the common and statutory law of the State of Alabama, as set forth hereinafter.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367(a), and the doctrines of ancillary and pendant jurisdiction.

5. This Court has personal jurisdiction over Defendant because: (a) on information and belief, Defendant has transacted business in the State of Alabama; and (b) Defendant has committed tortious acts that it knew or reasonably should have known would cause injury to Plaintiff in the State of Alabama.

6. The amount in controversy exceeds $75,000 and the parties are citizens of a state and citizens or subjects of a foreign state.

7. Venue is proper in this district under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. Since as least as early as 1996, Plaintiff has used the JET CAST$^{TM}$ mark in interstate commerce on or in connection with refractory materials, namely castables such as alumina/silica castables.

9. Plaintiff's JET CAST$^{TM}$ mark has been distinctive as to such refractory materials since its adoption. In addition, Plaintiff has expended

2

substantial amounts of time, money and effort promoting and marketing its refractory materials in association with its JET CAST™ trademark.  As a result, since its adoption by Plaintiff, and long prior to Defendant's use of the JETCAST designation, Plaintiff's JET CAST™ mark has served to identify the source of Plaintiff's products in the minds of the relevant public and has become a valuable asset of Plaintiff and a symbol of its goodwill.

10.    On information and belief, Defendant advertises and sells refractory materials and products.  Upon information and belief, Defendant is: soliciting business in and from the State of Alabama; has made substantial amounts of sales of products to entities in Alabama, including this judicial district; and has had sufficient contacts with this jurisdiction and otherwise has availed itself of the privilege of doing business in the State of Alabama for jurisdictional purposes.

11.    Notwithstanding Plaintiff's well-known and long prior trademark rights in the JET CAST™ mark, Defendant has adopted, used, and is using the confusingly similar JETCAST mark in connection with the sale of refractory materials.  Such use by Defendant has been at all times without the consent of Plaintiff.

12.    Plaintiff has been and continues to be injured by Defendant's unlawful acts within the State of Alabama and within this judicial district.

### COUNT I – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER SECTION 43(a)

13. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Use by Defendant of the JETCAST mark without authority is likely to cause confusion, mistake and/or deception as to the origin, sponsorship and/or affiliation of Plaintiff's goods with those of Defendant, in violation of 15 U.S.C. 1125(a) (also know as Section 43(a) of the Lanham Act).

15. The confusion, mistake or deception referred to herein arises out of the aforesaid acts of Defendant, which, among other things, constitute common law trademark infringement, false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

16. Upon information and belief, the aforesaid acts were undertaken willfully, with an intentional disregard of the rights of Plaintiff and with the intention of causing confusion, mistake or deception.

17. By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless Defendant is restrained from continuing these wrongful acts, the damage to Plaintiff will increase.  In particular, Defendant's use of the designations as complained of herein is likely to cause Plaintiff's JET CAST$^{TM}$ mark to lose its distinctiveness and significance as an indicator of origin. Moreover, a likelihood of

PFS:003081.0010.1013788.1
20880664 v1

confusion is created by Defendant's unauthorized use of the JETCAST mark.

18. Plaintiff has no adequate remedy at law.

19. Upon information and belief, Defendant's infringement is willful.

## COUNT II – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 19 as if fully set forth therein.

21. By virtue of Defendant's acts, hereinabove pleaded, Defendant has engaged in trademark infringement and unfair competition with Plaintiff under the common law and statutory laws of the State of Alabama, including Ala. Code § 8-12-19.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor against Defendant as follows:

A. That Plaintiff's rights in and to the common law JET CAST$^{TM}$ trademark herein are valid, enforceable and have been infringed by Defendant, and that Defendant's actions constitute trademark infringement and unfair competition.

B. That Defendant has willfully infringed Plaintiff's common law trademark rights in and to the JET CAST$^{TM}$ mark and has unfairly competed by using the confusingly similar JETCAST designation.

5

C.  That Defendant, its agents, servants, employees, attorneys and all persons in active concert or participation with it, be preliminary and permanently enjoined and restrained from: (1) further infringement of Plaintiff's JET CAST™ mark; (2) using JETCAST or other designs, designations and/or indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's JET CAST™ mark, and (3) otherwise competing unfairly with Plaintiff.

D.  That Defendant be required to pay Plaintiff such damages, together with pre-judgment interest thereon, as Plaintiff has sustained in consequence of Defendant's unlawful acts, and to account for and return to Plaintiff any and all profits and/or advantages wrongfully gained by Defendant.

E.  That all damages sustained by Plaintiff be trebled.

F.  That Defendant be required to pay Plaintiff punitive and exemplary damages.

G.  That Defendant be required to pay Plaintiff's reasonable attorneys' fees, expenses and costs incurred in this action.

H.  That Defendant deliver up for impoundment during the pendency of this action and for destruction upon entry of judgment, all infringing articles.

PFS:003081.0010.1013788.1
20880664 v1

I. That Defendant be directed to file with this Court and serve on Plaintiff within 30 days after the service of any restraining order or injunction, a written report, under oath, setting forth in detail the manner and form in which Defendant has complied with the order or injunction.

J. That Plaintiff be granted such further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Ellen T. Mathews*
Ellen T. Mathews (MAT057)

**OF COUNSEL:**

Ellen T. Mathews
BURR & FORMAN, LLP
420 20th Street N
Suite 3400
Tel: (205) 458-5410
Fax: (205) 714-6897
ellen.mathews@burr.com

Max Shaftal, Esq.
Jonathan S. Goodman, Esq.
Scott W. Smilie, Esq.
PATZIK, FRANK & SAMOTNY LTD.
150 South Wacker Drive, Suite 1500

7

Chicago, IL 60606
Tel: (312) 551-8300
Fax: (312) 551-1101
mshaftal@pfs-law.com
jgoodman@pfs-law.com
ssmilie@pfs-law.com

PFS:003081.0010.1013788.1
20880664 v1